# PLAINTIFF'S FIRST AMENDED AND RECAST COMPLAINT

# EXHIBIT "A"

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA
**23CV-1200-1**
**Judge Jeffrey S. Bagley**
**NOV 01, 2023 12:24 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE SUPERIOR COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARIA NISHIJIMA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO.: |
| v. ) | 23-CV-1200-1 |
| ) | |
| WALMART INC., John Doe and ) | |
| Jane Doe and ABC Corp. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## FIRST AMENDED AND RECAST COMPLAINT

COMES NOW, MARIA NISHIJIMA, hereinafter referred to as "Plaintiff", by and through undersigned counsel, and files this complaint, showing the court as follows:

**PARTIES, VENUE AND JURISDICTION**

1.

Plaintiff is a resident of the State of Georgia.

2.

Walmart Inc ("Defendant") is a corporation registered to do business and doing business in the state of Georgia.

3.

Defendant Walmart Inc may be served with process by second original through its registered agent, to wit: THE CORPORATION COMPANY.

4.

Defendants John Doe and Jane Doe are individuals responsible for managing and maintaining the premises involved in the subject incident and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against


EXHIBIT A

Walmart Inc ("Defendant") against Defendants John Doe and Jane Doe as well. Defendants John Doe and Jane Doe will be named and served with the Summons and Complaint once his or her identity is revealed.

5.

Defendants ABC Corp. is an entity that owned, possessed or controlled the premises involved in the subject incident and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendant Walmart Inc ("Defendant") against Defendant ABC Corp. as well. Defendant ABC Corp. will be named and served with the Summons and Complaint once its identity is revealed.

6.

Defendants are subject to the jurisdiction of this Court.

7.

This Court has jurisdiction over the subject matter of this action.

8.

Venue is proper in this Court because Walmart Inc ("Defendant")has an office in and transacts business in FORSYTH County;

**BACKGROUND**

9.

On or about September 22, 2021, Plaintiff was an invitee at the Walmart Inc. ("Defendant") branch located at 630 Collins Hill Rd, Lawrenceville, GA 30046 ("the PREMISES").

10.

Defendant Walmart Inc. ("Defendant") had ownership, possession and control over the PREMISES at all times relevant to this litigation.

11.

Plaintiff was in an open area permitted to patrons of the PREMISES at all relevant times.

12.

Plaintiff was at the PREMISES during normal business hours.

13.

Plaintiff was walking on the PREMISES' concrete walkway.

14.

The walkway was uneven.

15.

Due to the unevenness of the walkway, Plaintiff fell.

16.

Plaintiff suffered serious injury to her ankle as a result of the fall.

17.

Plaintiff incurred medical expenses for treatment of her injuries.

## COUNT I
## NEGLIGENT MAINTENANCE OF PREMISES

18.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

19.

Defendant Walmart Inc. had actual or constructive knowledge of the hazardous condition of the walkway for patrons of the Bank.

20.

Plaintiff had no knowledge of the hazard despite Plaintiff's exercise of ordinary care.

21.

Defendant Walmart Inc's knowledge of the hazardous condition of the premises was superior to that of Plaintiff.

22.

Defendant Walmart Inc. owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

23.

Defendant Walmart Inc. was negligent in failing to properly inspect the walkway.

24.

Defendant Walmart Inc. was negligent in failing to properly maintain the walkway.

25.

Defendant Walmart Inc. was negligent in failing to take adequate measures to protect invitees from the danger of the walkway and in failing to keep the premises safe for invitees.

26.

Defendant Walmart Inc. was negligent in failing to warn Plaintiff of the hazardous condition of the premises.

27.

Defendant Walmart Inc.'S negligence was the proximate cause of Plaintiff's injuries.

## COUNT II
## VICARIOUS LIABILITY

28.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

29.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where Plaintiff was injured were employed by Defendant Walmart Inc. and were acting within the scope of their employment.

30.

Defendant Walmart Inc. is responsible for the conduct of these individuals under the doctrine of *respondent superior*, vicarious liability, agency or apparent agency.

## COUNT III

## NEGLIGENT TRAINING & SUPERVISION

31.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

32.

Defendant Walmart Inc was negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees and agents concerning safety procedures for inspecting and maintaining the premises.

33.

Defendant Walmart Inc. was negligent in training and supervising its staff and agents.

34.

As a result of Defendant Walmart Inc.'s negligence in training and supervising its employees and agents, Plaintiff was injured on the premises.

## IV.

## NOTICE OF INTENT TO USE CERTIFIED DOCUMENTS AT TRIAL

35.

Plaintiff hereby gives notice that Plaintiff intends to offer documents, including, but not limited to, medical records into evidence pursuant to O.C.G.A. § 24-9-902.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants in the following particulars:

a) An award of general damages to fully compensate Plaintiff for her past, present and future pain and suffering in an amount to be determined by this Honorable Court;

b) An award of special damages to fully compensate Plaintiff for her past, present and future medical expenses;

c) Process be issued requiring the Defendants to answer according to law;

d) Plaintiff be granted such further and other relief as this Court deems just and proper.

**[SIGNATURE ON FOLLOWING PAGE]**

Respectfully submitted this 1st of November, 2023.

**770GOODLAW, H.Q. ALEX NGUYEN LAW FIRM, LLC.**

*/s/ Renée E. Taylor*
Stephen J. Valero, Esq.
Georgia Bar No.: 184083
Hung Q. (Alex) Nguyen, Esq.
Georgia Bar No.: 940370
Renée E. Taylor
Georgia Bar No.: 195455
Attorneys for Plaintiff

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com