# ALL PLEADINGS FROM FORSYTH COUNTY CASE

# EXHIBIT "E"

**WALMART INC.'S NOTICE OF REMOVAL**

📧 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA

**23CV-1200-1**
Judge Jeffrey S. Bagley
JUL 26, 2023 02:36 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MARIA NISHIJIMA, | ) |
| | ) |
| Plaintiff, | ) |
| | )    CIVIL ACTION FILE NO.: |
| v. | ) |
| | ) |
| WALMART CLAIMS SERVICES INC., | ) |
| John Doe and Jane Doe and ABC Corp. | )    JURY TRIAL DEMANDED |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, MARIA NISHIJIMA, hereinafter referred to as "Plaintiff", by and through undersigned counsel, and files this complaint, showing the court as follows:

### PARTIES, VENUE AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia.

2.

WALMART CLAIMS SERVICES INC ("Defendant") is a corporation registered to do business and doing business in the state of Georgia.

3.

Defendant WALMART CLAIMS SERVICES INC may be served with process by second original through its registered agent, to wit: THE CORPORATION COMPANY.

4.

Defendants John Doe and Jane Doe are individuals responsible for managing and maintaining the premises involved in the subject incident and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against

**EXHIBIT**

**E**

WALMART CLAIMS SERVICES INC ("Defendant") against Defendants John Doe and Jane Doe as well. Defendants John Doe and Jane Doe will be named and served with the Summons and Complaint once his or her identity is revealed.

5.

Defendants ABC Corp. is an entity that owned, possessed or controlled the premises involved in the subject incident and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendant WALMART CLAIMS SECLAIMRVICES INC ("Defendant") against Defendant ABC Corp. as well. Defendant ABC Corp. will be named and served with the Summons and Complaint once its identity is revealed.

6.

Defendants are subject to the jurisdiction of this Court.

7.

This Court has jurisdiction over the subject matter of this action.

8.

Venue is proper in this Court because WALMART CLAIMS SERVICES INC ("Defendant")has an office in and transacts business in FORSYTH County;

## **BACKGROUND**

9.

On or about September 22, 2021, Plaintiff was an invitee at the WALMART ("Defendant") branch located at 630 Collins Hill Rd, Lawrenceville, GA 30046 ("the PREMISES").

10.

Defendant WALMART CLAIMS SERVICES INC. ("Defendant") had ownership, possession and control over the PREMISES at all times relevant to this litigation.

11.

Plaintiff was in an open area permitted to patrons of the PREMISES at all relevant times.

12.

Plaintiff was at the PREMISES during normal business hours.

13.

Plaintiff was walking on the PREMISES' concrete walkway.

14.

The walkway was uneven.

15.

Due to the unevenness of the walkway, Plaintiff fell.

16.

Plaintiff suffered serious injury to her ankle as a result of the fall.

17.

Plaintiff incurred medical expenses for treatment of her injuries.

## COUNT I
## NEGLIGENT MAINTENANCE OF PREMISES

18.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

19.

Defendant WALMART CLAIMS SERVICES INC. had actual or constructive knowledge of the hazardous condition of the walkway for patrons of the Bank.

20.

Plaintiff had no knowledge of the hazard despite Plaintiff's exercise of ordinary care.

21.

Defendant WALMART CLAIMS SERVICES INC'S knowledge of the hazardous condition of the premises was superior to that of Plaintiff.

22.

Defendant WALMART CLAIMS SERVICES INC. owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

23.

Defendant WALMART CLAIMS SERVICES INC. was negligent in failing to properly inspect the walkway.

24.

Defendant WALMART CLAIMS SERVICES INC. was negligent in failing to properly maintain the walkway.

25.

Defendant WALMART CLAIMS SERVICES INC. was negligent in failing to take adequate measures to protect invitees from the danger of the walkway and in failing to keep the premises safe for invitees.

26.

Defendant WALMART CLAIMS SERVICES INC. was negligent in failing to warn Plaintiff of the hazardous condition of the premises.

27.

Defendant WALMART CLAIMS SERVICES INC.'S negligence was the proximate cause of Plaintiff's injuries.

## COUNT II
## VICARIOUS LIABILITY

28.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

29.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where Plaintiff was injured were employed by Defendant WALMART CLAIMS SERVICES INC. and were acting within the scope of their employment.

30.

Defendant WALMART CLAIMS SERVICES INC. is responsible for the conduct of these individuals under the doctrine of *respondent superior*, vicarious liability, agency or apparent agency.

## COUNT III

## NEGLIGENT TRAINING & SUPERVISION

31.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

32.

Defendant WALMART CLAIMS SERVICES INC was negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees and agents concerning safety procedures for inspecting and maintaining the premises.

33.

Defendant WALMART CLAIMS SERVICES INC. was negligent in training and supervising its staff and agents.

34.

As a result of Defendant WALMART CLAIMS SERVICES INC.'s negligence in training and supervising its employees and agents, Plaintiff was injured on the premises.

## IV.

## NOTICE OF INTENT TO USE CERTIFIED DOCUMENTS AT TRIAL

35.

Plaintiff hereby gives notice that Plaintiff intends to offer documents, including, but not limited to, medical records into evidence pursuant to O.C.G.A. § 24-9-902.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants in the following particulars:

a) An award of general damages to fully compensate Plaintiff for her past, present and future pain and suffering in an amount to be determined by this Honorable Court;

b) An award of special damages to fully compensate Plaintiff for her past, present and future medical expenses;

c) Process be issued requiring the Defendants to answer according to law;

d) Plaintiff be granted such further and other relief as this Court deems just and proper.

Respectfully submitted this 25th of July, 2023.

**770GOODLAW, H.Q. ALEX**
**NGUYEN LAW FIRM, LLC.**

*/s/ Renée E. Taylor*
Stephen J. Valero, Esq.
Georgia Bar No.: 184083
Hung Q. (Alex) Nguyen, Esq.
Georgia Bar No.: 940370
Renée E. Taylor
Georgia Bar No.: 195455
Attorneys for Plaintiff

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
9/6/2023 11:11 AM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1200-1
JUDGE Bagley, Jeffrey S.

IN THE SUPERIOR COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARIA NISHIJIMA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. 23CV-1200-1 |
| | ) | |
| WALMART CLAIMS SERVICES INC., | ) | |
| John Doe and Jane Doe and ABC Corp. | ) | |
| | ) | |
| Defendants. | ) | |

**WALMART CLAIMS SERVICES, INC.'S SPECIAL
ANSWER AND JURY TRIAL DEMAND**

Defendant Walmart Claims Services, Inc. (hereinafter, "Walmart"), by and through counsel of record, files this Special Answer to Plaintiff's Complaint and shows as follows:

**FIRST DEFENSE**

This Court lacks personal jurisdiction over Walmart.

**SECOND DEFENSE**

Venue is improper.

**THIRD DEFENSE**

Service of process is insufficient.

**FOURTH DEFENSE**

Plaintiff has failed to specifically state items of special damages sought in this action pursuant to O.C.G.A. § 9-11-9(g).

**FIFTH DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted for attorney's fees and expenses of litigation.

**SIXTH DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted for punitive damages.

### SEVENTH DEFENSE

Responding to the specific allegations of the numbered paragraphs of Plaintiff's Complaint, Walmart answers:

1.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

2.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

3.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

4.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

5.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

6.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated.

7.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

8.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated.

9.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated.

10.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

11.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

12.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

13.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

14.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

15.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

16.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

17.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

18.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

19.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

20.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

21.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

22.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

23.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

24.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

25.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

26.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

27.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

28.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

29.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

30.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

31.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

32.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

33.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

34.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

35.

This paragraph of Plaintiff's Complain contains a statement to which no response is required. To the extent a response is required, Walmart denies the allegations contained therein.

36.

Any allegation, language, or paragraph of Plaintiff's Complaint not hereinbefore responded to is specifically denied by Walmart.

WHEREFORE, having fully answered Plaintiff's complaint, Walmart prays:

a) that Plaintiff's Complaint be dismissed;

b) that Walmart has judgment in its favor;

c) that Walmart has a trial by jury of twelve persons; and

d) that Walmart has all other proper relief.

This 06 day of September, 2023.

**[SIGNATURE ON NEXT PAGE]**

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Matthew J. Hurst
Matthew J. Hurst
Georgia Bar No. 480267
Attorney for Walmart Claims Services, Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@waldonadelman.com

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I electronically filed WALMART CLAIMS SERVICES, INC.'S SPECIAL ANSWER AND JURY TRIAL DEMAND with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of records:

> Stephen J. Valero, Esq.
> Hung Q. (Alex) Nguyen, Esq.
> Renee E. Taylor
> 700Goodlaw, H.Q. Alex Nguyen Law Firm, LLC
> 5495 Jimmy Carter Blvd.
> Suite B-17
> Norcross, GA 30093
> *steve@770goodlaw.com*
> *alex@770goodlaw.com*

This 06 day of September, 2023.

> WALDON ADELMAN CASTILLA
> MCNAMARA & PROUT
>
> /s/ Matthew J. Hurst
> Matthew J. Hurst
> Georgia Bar No. 480267
> Attorney for Walmart Claims Services, Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@waldonadelman.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
10/31/2023 2:10 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1200-1
JUDGE Bagley, Jeffrey S.

# IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

```
-----------------------------------------------X
MARIA NISHIJIMA,                        :

        Plaintiff,                      :

                                        :

v.                                      :

                                        :

WALMART CLAIMS SERVICES,                :
INC.; JOHN DOE; JANE DOE;               :
and ABC CORP.                           :

                                        :

        Defendants.                     :
-----------------------------------------------X
```

CIVIL ACTION
FILE NO.: 23CV-1200-1

## ORDER

The above-styled action came before the Court on 26 October 2023 for a noticed hearing on Walmart Claims Services, Inc.'s *Motion for a Protective Order* filed on 21 September 2023. Having considered the relevant record evidence and the parties' oral arguments, the Court ORDERS as follows:

### A.    Procedural Posture

The Plaintiff alleges that on 22 September 2021 she was a business invitee at "Walmart" located at 630 Collins Hill Road in Lawrenceville. The Plaintiff alleges that while she was on "Walmart's" premises, she slipped and fell and suffered injuries. The Plaintiff thereafter commenced this action against Walmart Claims Services, Inc. on 26 July 2023.

On 6 September 2023, Walmart Claims Services, Inc. filed a *Special Answer* asserting defenses which included lack of personal

jurisdiction and insufficient service of process. The Plaintiff served discovery requests upon Walmart Claims Services, Inc. resulting in the filing of the instant *Motion for a Protective Order*.

After the Court issued its *Rule Nisi* to consider the *Motion for a Protective Order*, the Plaintiff filed a *Motion to Substitute Party Defendant*. That motion is premised upon the application of OCGA §§ 9-11-15 (a), -(c) and 9-11-21. Because these two motions are interrelated, it is necessary for the Court to consider both motions, simultaneously.

B.    Legal Analysis

The civil action file contains a sheriff's return of service indicating that The Corporation Company, also referred to in the record as The Corporation Trust Company, via employee Dayvon Jackson, was provided with a copy of the *Summons* and *Complaint* on 7 August 2023. The return further contends that the deputy perfected "corporate service" upon Walmart Claims Services, Inc.

In a letter dated 1 September 2023, The Corporation Trust Company informed the Plaintiff's counsel that it was not, in fact, the registered agent for service of process for Walmart Claims Services, Inc.

Record evidence shows that: (1) The Corporation Trust Company was not the registered agent for service on behalf of Walmart Claims Services, Inc. on 7 August 2023; and (2) Walmart Claims Services, Inc. did not maintain a license to conduct business in the State of Georgia since as early as 12 September 2022. Thus, the Court concludes that Walmart Claims Services, Inc. was not served with process, as a matter of law, on 7 August 2023.

Notwithstanding the lack of service upon the named corporate Defendant, Walmart Claims Services, Inc., in her *Motion to Substitute*

*Party Defendant*, the Plaintiff contends that she should be allowed to substitute Walmart, Inc. for Walmart Claims Services, Inc. The Plaintiff contends that this is procedurally correct because Walmart Claims Services, Inc. and Walmart, Inc. are so closely aligned that service upon one amounts to service on the other. Additionally, the Plaintiff recognizes that the two-year statute of limitations has expired and therefore also seeks to relate back the service on Walmart Claims Services, Inc. to Walmart, Inc.

The Court finds that the Plaintiff, as of 26 October 2023, *failed* to perfect service of process upon *either* Walmart Claims Services, Inc. or Walmart, Inc. The unrefuted evidence clearly shows that The Corporation Trust Company was not, in fact, the registered agent for service of process for Walmart Claims Services, Inc. on 7 August 2023.

In order to allow substitution of a party, the Plaintiff must satisfy three conditions. Oconee County v. Cannon, 310 Ga. 728, 733 (2021). Most relevant is whether "the proposed defendant [Walmart, Inc.], before the statute of limitations expired, knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [Walmart, Inc.]" Id. The Plaintiff has provided no evidence to satisfy this condition. First, that argument presupposes that The Corporation Trust Company notified Walmart Claims Services, Inc. of the lawsuit on or before 29 September 2023. There is no evidence of record to support that finding. Second, the record also fails to show that if Walmart Claims Services, Inc. received timely notice of the lawsuit that it then informed Walmart, Inc. of the lawsuit.

The Plaintiff cites to the case of <u>Fontaine v. Home Depot, Inc.</u>, 250 Ga. App. 123 (2003) and <u>Shiver v. Norfolk-S Ry. Co.</u>, 220 Ga. App. 483 (1996) in support of her position. In those cited cases, however, the corporate parties sought to be replaced were actually served with process. Again, service has not occurred on either Walmart Claims Services, Inc. or Walmart, Inc. This is the missing link in the Plaintiff's relation-back theory. <u>Cf Tanner's Rome v. Ingram</u>, 236 Ga. App. 275, 276 (1999) (where filing of tort action within period of limitations occurred but service of process on wrong corporation occurred after expiration of limitations period against sister corporation service deemed to relate back); see also <u>Rich's, Inc. v. Snyder</u>, 134 Ga. App. 889, 891 (1975) (where plaintiff was allowed to substitute one corporation for another even though service was perfected on wrong affiliated corporation *after* the expiration of the statute of limitation). It cannot be ignored that in both <u>Tanner's Rome</u> and <u>Rich's Inc.</u>, the wrong corporate defendant was actually served with process according to law. This did not happen in this case.

The Court concludes that it does not have personal jurisdiction over Walmart Claims Services, Inc. The Court **DENIES** the Plaintiff's *Motion to Substitute Party Defendant.* The Court **GRANTS** Walmart Claims Services, Inc.'s oral motion to dismiss this action for insufficient service of process. This action therefore stands dismissed as to Walmart Claims Services, Inc.[1]

---

[1] The Court declines to address whether the Plaintiff's claims are time barred as against Walmart, Inc. Walmart, Inc. has not been served in this action and did not appear before the Court on 26 October 2023. Moreover, Walmart Claims Services, Inc. disclaimed that notice to the

It is so ORDERED this 31ˢᵀ day of October, 2023.

_____

Jeffrey S. Bagley, Chief Judge
Superior Court of Forsyth County
Bell-Forsyth Judicial Circuit

Distribution List

Original:   Clerk of Court

cc:   Renée E. Taylor, Esq.
      Hung Q. (Alex) Nguyen, Esq.
      Stephen J. Valero, Esq.
      Matthew Hurst, Esq.

_____

former is notice to the later. Nevertheless, the Court acknowledges that
the Plaintiff commenced this lawsuit within the requisite limitations
period. The Court finds that it would not be appropriate to dismiss this
action, as a whole, as other unidentified Defendants remain unserved
and Walmart Claims Services, Inc. only asserted an insufficiency of
service defense at to itself. Cf Rich's, Inc., supra. Accordingly, the
question remains whether Walmart, Inc. can still be served in this case
if proof of corporate affiliation is ultimately proven to satisfy the
requirements of Oconee County, supra. If this issue arises, it will need
to be addressed in a separate proceeding; otherwise, to close this case as
a whole, at this procedural juncture, would be premature.

Page 5 of 5

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA

**23CV-1200-1**
**Judge Jeffrey S. Bagley**
**NOV 01, 2023 12:24 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARIA NISHIJIMA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| v. | ) | 23-CV-1200-1 |
| | ) | |
| WALMART INC.,John Doe and | ) | |
| Jane Doe and ABC Corp. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## <u>FIRST AMENDED AND RECAST COMPLAINT</u>

COMES NOW, MARIA NISHIJIMA, hereinafter referred to as "Plaintiff", by and through undersigned counsel, and files this complaint, showing the court as follows:

### PARTIES, VENUE AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia.

2.

Walmart Inc ("Defendant") is a corporation registered to do business and doing business in the state of Georgia.

3.

Defendant Walmart Inc may be served with process by second original through its registered agent, to wit: THE CORPORATION COMPANY.

4.

Defendants John Doe and Jane Doe are individuals responsible for managing and maintaining the premises involved in the subject incident and are subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against

Walmart Inc ("Defendant") against Defendants John Doe and Jane Doe as well. Defendants John Doe and Jane Doe will be named and served with the Summons and Complaint once his or her identity is revealed.

5.

Defendants ABC Corp. is an entity that owned, possessed or controlled the premises involved in the subject incident and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against Defendant Walmart Inc ("Defendant") against Defendant ABC Corp. as well. Defendant ABC Corp. will be named and served with the Summons and Complaint once its identity is revealed.

6.

Defendants are subject to the jurisdiction of this Court.

7.

This Court has jurisdiction over the subject matter of this action.

8.

Venue is proper in this Court because Walmart Inc ("Defendant")has an office in and transacts business in FORSYTH County;

**BACKGROUND**

9.

On or about September 22, 2021, Plaintiff was an invitee at the Walmart Inc. ("Defendant") branch located at 630 Collins Hill Rd, Lawrenceville, GA 30046 ("the PREMISES").

10.

Defendant Walmart Inc. ("Defendant") had ownership, possession and control over the PREMISES at all times relevant to this litigation.

11.

Plaintiff was in an open area permitted to patrons of the PREMISES at all relevant times.

12.

Plaintiff was at the PREMISES during normal business hours.

13.

Plaintiff was walking on the PREMISES' concrete walkway.

14.

The walkway was uneven.

15.

Due to the unevenness of the walkway, Plaintiff fell.

16.

Plaintiff suffered serious injury to her ankle as a result of the fall.

17.

Plaintiff incurred medical expenses for treatment of her injuries.

## COUNT I
## NEGLIGENT MAINTENANCE OF PREMISES

18.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

19.

Defendant Walmart Inc. had actual or constructive knowledge of the hazardous condition of the walkway for patrons of the Bank.

20.

Plaintiff had no knowledge of the hazard despite Plaintiff's exercise of ordinary care.

21.

Defendant Walmart Inc's knowledge of the hazardous condition of the premises was superior to that of Plaintiff.

22.

Defendant Walmart Inc. owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

23.

Defendant Walmart Inc. was negligent in failing to properly inspect the walkway.

24.

Defendant Walmart Inc. was negligent in failing to properly maintain the walkway.

25.

Defendant Walmart Inc. was negligent in failing to take adequate measures to protect invitees from the danger of the walkway and in failing to keep the premises safe for invitees.

26.

Defendant Walmart Inc. was negligent in failing to warn Plaintiff of the hazardous condition of the premises.

27.

Defendant Walmart Inc.'S negligence was the proximate cause of Plaintiff's injuries.

## COUNT II
## VICARIOUS LIABILITY

28.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

29.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where Plaintiff was injured were employed by Defendant Walmart Inc. and were acting within the scope of their employment.

30.

Defendant Walmart Inc. is responsible for the conduct of these individuals under the doctrine of *respondent superior*, vicarious liability, agency or apparent agency.

## COUNT III

## NEGLIGENT TRAINING & SUPERVISION

31.

Plaintiff re-alleges and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

32.

Defendant Walmart Inc was negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees and agents concerning safety procedures for inspecting and maintaining the premises.

33.

Defendant Walmart Inc. was negligent in training and supervising its staff and agents.

34.

As a result of Defendant Walmart Inc.'s negligence in training and supervising its employees and agents, Plaintiff was injured on the premises.

**IV.**

**NOTICE OF INTENT TO USE CERTIFIED DOCUMENTS AT TRIAL**

35.

Plaintiff hereby gives notice that Plaintiff intends to offer documents, including, but not limited to, medical records into evidence pursuant to O.C.G.A. § 24-9-902.

**V.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants in the following particulars:

a)  An award of general damages to fully compensate Plaintiff for her past, present and future pain and suffering in an amount to be determined by this Honorable Court;

b)  An award of special damages to fully compensate Plaintiff for her past, present and future medical expenses;

c)  Process be issued requiring the Defendants to answer according to law;

d)  Plaintiff be granted such further and other relief as this Court deems just and proper.

**[SIGNATURE ON FOLLOWING PAGE]**

Respectfully submitted this 1st of <u>November</u>, 2023.


                                                    **770GOODLAW, H.Q. ALEX**
                                                    **NGUYEN LAW FIRM, LLC.**


                                                    _/s/ Renée E. Taylor_
                                                    Stephen J. Valero, Esq.
                                                    Georgia Bar No.: 184083
                                                    Hung Q. (Alex) Nguyen, Esq.
                                                    Georgia Bar No.: 940370
                                                    Renée E. Taylor
                                                    Georgia Bar No.: 195455
                                                    Attorneys for Plaintiff

5495 Jimmy Carter Blvd., Suite B-17
Norcross, GA 30093
(770)409-1529 Office
(770)409-1526 Fax
litigation@770goodlaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
12/1/2023 11:30 AM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1200-1
JUDGE Bagley, Jeffrey S.

IN THE SUPERIOR COURT OF FORSYTH COUNTY
STATE OF GEORGIA

MARIA NISHIJIMA           )
                              )
      Plaintiff,           )
                              )     Civil Action File
vs.                        )     No. 23CV-1200-1
                              )
WALMART INC., John Doe,    )
Jane Doe, and  ABC Corp.      )
                              )
      Defendants.      )

## WAL-MART, INC.'S ANSWER AND JURY TRIAL DEMAND

COMES NOW, Wal-Mart, Inc. (hereinafter, "Walmart"), incorrectly identified as Walmart Inc, by and through counsel of record, files this Special Answer to Plaintiff's Complaint and shows as follows:

### FIRST DEFENSE

Plaintiff's claims are barred against Walmart as Walmart has been improperly joined.

### SECOND DEFENSE

Plaintiff's claims are barred by the expiration of the statute of limitations.

### THIRD DEFENSE

Plaintiff has failed to specifically state items of special damages sought in this action pursuant to O.C.G.A. § 9-11-9(g).

### FOURTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted for attorney's fees and expenses of litigation.

### FIFTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted for punitive damages.

### SIXTH DEFENSE

Responding to the specific allegations of the numbered paragraphs of Plaintiff's Complaint, Walmart answers:

1.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

2.

Defendant admits the allegations contained within this paragraph of Plaintiff's Complaint.

3.

Defendant admits the allegations contained within this paragraph of Plaintiff's Complaint.

4.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

5.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

6.

Defendant admits the allegations contained within this paragraph of Plaintiff's Complaint.

7.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

8.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated.

9.

Defendant is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

10.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

11.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

12.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

13.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

14.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

15.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

16.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

17.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

18.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

19.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

20.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

21.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

22.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

23.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

24.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

25.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

26.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

27.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

28.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

29.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

30.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

31.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

32.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

33.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

34.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

35.

This paragraph of Plaintiff's Complain contains a statement to which no response is required. To the extent a response is required, Walmart denies the allegations contained therein.

36.

Any allegation, language, or paragraph of Plaintiff's Complaint not hereinbefore responded to is specifically denied by Walmart.

WHEREFORE, having fully answered Plaintiff's complaint, Walmart prays:

a)  that Plaintiff's Complaint be dismissed;

b)  that Walmart has judgment in its favor;

c)  that Walmart has a trial by jury of twelve persons; and

d)  that Walmart has all other proper relief.

This 01 day of December, 2023.

**[SIGNATURE ON NEXT PAGE]**

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Matthew J. Hurst
Matthew J. Hurst
Georgia Bar No. 480267
Attorney for Wal-Mart, Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@waldonadelman.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the below date, I electronically filed WAL-MART, INC.'S ANSWER AND JURY TRIAL DEMAND with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of records:

>Stephen J. Valero, Esq.
>Hung Q. (Alex) Nguyen, Esq.
>Renee E. Taylor
>700Goodlaw, H.Q. Alex Nguyen Law Firm, LLC
>5495 Jimmy Carter Blvd.
>Suite B-17
>Norcross, GA 30093
>*steve@770goodlaw.com*
>*alex@770goodlaw.com*

This <u>01</u> day of December, 2023.

>WALDON ADELMAN CASTILLA
>MCNAMARA & PROUT
>
>/s/ Matthew J. Hurst
>Matthew J. Hurst
>Georgia Bar No. 480267
>Attorney for Wal-Mart, Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@waldonadelman.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/22/2024 11:23 AM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1200-1
JUDGE Bagley, Jeffrey S.

# IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

-------------------------------------------------X

MARIA NISHIJIMA,                          :

      Plaintiff,                          :

    v.                                          :

JOHN DOE; JANE DOE;                       :
and ABC CORP.                             :

      Defendants.                       :

-------------------------------------------------X

CIVIL ACTION
FILE NO.:  23CV-1200-1

## <u>ORDER</u>

Pursuant to *Consent Stipulation and Agreement* filed 5 February 2024, the Court hereby adds Walmart, Inc. as a party-defendant. The Clerk of Court shall amend the style of this action as follows:

-------------------------------------------------X

MARIA NISHIJIMA,                          :

      Plaintiff,                          :

    v.                                          :

WALMART, INC., JOHN DOE;                   :
JANE DOE and ABC CORP.                    :

      Defendants.                       :

-------------------------------------------------X

CIVIL ACTION
FILE NO.:  23CV-1200-1

It is so ORDERED this 24th of February, 2024, *nunc pro tunc* to 5 February 2024.

_____
Jeffrey S. Bagley, Chief Judge
Superior Court of Forsyth County
Bell-Forsyth Judicial Circuit

Distribution List

Original:   Clerk of Court

cc:         Renee E. Taylor, Esq.
            Matthew Hurst, Esq.

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
2/22/2024 3:58 PM
GREG G. ALLEN
CLERK OF THE SUPERIOR COURTS
23CV-1200-1
JUDGE Bagley, Jeffrey S.

### IN THE SUPERIOR COURT OF FORSYTH COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| MARIA NISHIJIMA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. 23CV-1200-1 |
| | ) | |
| WALMART INC., John Doe, | ) | |
| Jane Doe, and ABC Corp. | ) | |
| | ) | |
| Defendants. | ) | |

### WAL-MART INC.'S ANSWER AND JURY TRIAL DEMAND

COMES NOW, Wal-Mart Inc. (hereinafter, "Walmart"), by and through counsel of record, files this Answer to Plaintiff's First Amended and Recast Complaint and shows as follows:

### FIRST DEFENSE

Plaintiff's claims are barred by the expiration of the statute of limitations.

### SECOND DEFENSE

Plaintiff has failed to specifically state items of special damages sought in this action pursuant to O.C.G.A. § 9-11-9(g).

### THIRD DEFENSE

Plaintiff fails to state a claim upon which relief can be granted for attorney's fees and expenses of litigation.

### FOURTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted for punitive damages.

### FIFTH DEFENSE

Plaintiff's claims are barred by her assumption of the risk.

### SIXTH DEFENSE

Plaintiff's claims are barred due to her contributory and/or comparative negligence.

## SEVENTH DEFENSE

Responding to the specific allegations of the numbered paragraphs of Plaintiff's Complaint, Walmart answers:

### 1.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

### 2.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

### 3.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

### 4.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

### 5.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

### 6.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

### 7.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

### 8.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated.

### 9.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

10.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

11.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

12.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

13.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

14.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

15.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

16.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

17.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

18.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

19.

Defendant denies the allegations contained within this paragraph of Plaintiff's Complaint.

20.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

21.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

22.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated.

23.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

24.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

25.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

26.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

27.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

28.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

29.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

30.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

31.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

32.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

33.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

34.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

35.

This paragraph of Plaintiff's Complaint contains a statement to which no response is required. To the extent a response is required, Walmart denies the allegations contained therein.

36.

Any allegation, language, or paragraph of Plaintiff's Complaint not hereinbefore responded to is specifically denied by Walmart.

WHEREFORE, having fully answered Plaintiff's complaint, Walmart prays:

a)  that Plaintiff's Complaint be dismissed;

b)  that Walmart has judgment in its favor;

c)  that Walmart has a trial by jury of twelve persons; and

d)  that Walmart has all other proper relief.

This 22 day of February, 2024.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Matthew J. Hurst
Matthew J. Hurst
Georgia Bar No. 480267
Attorney for Wal-Mart Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@waldonadelman.com

Page **5** of **6**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the below date, I electronically filed WAL-MART INC.'S ANSWER AND JURY TRIAL DEMAND with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of records:

> Stephen J. Valero, Esq.
> Hung Q. (Alex) Nguyen, Esq.
> Renee E. Taylor
> 700Goodlaw, H.Q. Alex Nguyen Law Firm, LLC
> 5495 Jimmy Carter Blvd.
> Suite B-17
> Norcross, GA 30093
> *steve@770goodlaw.com*
> *alex@770goodlaw.com*
> *renee@770goodlaw.com*

This <u>22</u> day of February, 2024.

> WALDON ADELMAN CASTILLA
> MCNAMARA & PROUT
>
> /s/ Matthew J. Hurst
> Matthew J. Hurst
> Georgia Bar No. 480267
> Attorney for Wal-Mart Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@waldonadelman.com