IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| MARIA NISHIJIMA, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | 2:24-cv-040-SCJ |
| WALMART INC., John Doe, Jane | ) | |
| Doe, and ABC Corp. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT WALMART INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

This personal premises liability case arises from an incident in which Maria Nishijima ("Ms. Nishijima") alleges that she was injured in a Walmart store. Ms. Nishijima contends Defendant Walmart Inc. ("Walmart") is liable for her alleged injuries.

Although any fall or (alleged) injury is unfortunate, Georgia law bars Ms. Nishijima's recovery in this premises liability action. First, Ms. Nishijima cannot provide sufficient evidence which would create a genuine issue of material fact as to whether Walmart had superior knowledge of any alleged hazard. Second, Ms. Nishijima's testimony as to the cause of her injuries and the injuries themselves are contrary to explicit assertions in her Complaint. Walmart is entitled to summary judgment for these reasons.

## I.   **STATEMENT OF FACTS:**

Plaintiff Maria Nishijima's ("Ms. Nishijima") Complaint is explicit in that it alleges that she fell due to "uneven" walkway at a Walmart Store on September 22, 2021 ("the subject incident"). (Compl., Doc 34-1, p. 4, ¶¶ 11-15). The subject incident occurred at a Walmart Store located 630 Collins Hill Road, Lawrenceville, Georgia 30046 ("the Walmart store" or "the store"). (Id., ¶ 9). Ms. Nishijima's Complaint alleges she injured her ankle as a result of the subject incident. (Id. at ¶¶ 16-17). Contrary to the allegations in her Complaint, however, Ms. Nishijima testified she injured only her back and her head as a result of the incident. (Id., 36:11-14).

Ms. Nishijima testified the subject incident occurred when she slipped on water inside the store between the meat department and checkout. (Deposition of Maria Nishijima, pertinent excerpts attached as Exhibit "A," 22:3-9; 23:5-17). Ms. Nishijima did not know how long the water had been on the ground prior to the incident. (Id., 24:2-9). However, she testified she entered the store and walked directly to the meat department, where she got a bag of chicken and immediately turned around to pay. (Id., 46:13-19). Further, during her deposition, Ms. Nishijima was asked by her counsel:

> Q: Okay. Back – please listen to the question very carefully. You said earlier you can point out to the exact spot where you fell, correct?

A: Yes.

Q: Okay. Here's the question. When you enter the Walmart, on the way to pick up the chicken, did you pass that exact same spot? By passing, I mean, step over that exact same spot where you later on fell?

A: Yes. I – I passed that place.

(Id., 44:19-25, 45:1-2). In total, Ms. Nishijima testified that she was in the store at most two-to-three minutes before the subject incident occurred. (Id., 46:13-19).

At the time of the subject incident, Denise Anderson ("Ms. Anderson") was employed as an assistant store manager at the store, and Gracie Book ("Ms. Book") was employed as the store manager at the store. (Affidavit of Denise Anderson, attached as Exhibit "B," at ¶ 2; Affidavit of Gracie Book, attached as Exhibit "C," at ¶ 2). As an assistant store manager and store manager respectively, Ms. Anderson and Ms. Book were aware of the relevant training associates receive as part of their employment with Walmart. (Exh. B at ¶ 3; Exh. C at ¶ 3). Mandatory training for every associate included Walmart's "Towel in pocket" and "Clean as you go" policies and procedures. (Exh. B at ¶ 3; Exh. C at ¶ 3). Under these policies and procedures, all associates are responsible for maintaining the cleanliness of their area and the areas through which they travel. (Exh. B at ¶ 3;

<u>Exh. C</u> at ¶ 3) This includes identifying spills or other hazards that may exist and ensuring they are quickly cleaned, removed, or otherwise attended to. (<u>Exh. B</u> at ¶ 4; <u>Exh. C</u> at ¶ 4). On September 22, 2021, the associate and management team at the store were trained on Walmart's "Towel in pocket" and "Clean as you go" procedures and policies. (<u>Exh. B</u> at ¶ 5; <u>Exh. C</u> at ¶ 5). On September 22, 2021, Walmart's "Towel in pocket" and "Clean as you go" policies and procedures were in-force and were being followed by Walmart's associates and members of the management team at the store. (<u>Exh. B</u> at ¶ 6; <u>Exh. C</u> at ¶ 6).

Prior to the subject incident occurring, Walmart had no knowledge of any hazard in that area. (<u>Exh. B</u> at ¶ 7; <u>Exh. C</u> at ¶ 7). Had Walmart had any knowledge of any such hazard, the hazard would have been removed immediately. (<u>Exh. B</u> at ¶ 7; <u>Exh. C</u> at ¶ 7). After Ms. Nishijima's fell, Ms. Anderson responded to the scene and observed a package of raw chicken that was leaking "juice" onto the floor, trailing behind Ms. Nishijima's shopping cart. (<u>Exh. B</u> at ¶ 8-9). Ms. Anderson did not observe any tracks or similar marks to indicate the chicken "juice" had been on the floor for any period of time. (<u>Id.</u> at ¶ 10). Ms. Anderson further observed that Ms. Nishijima slipped on this chicken liquid. (<u>Id.</u> at ¶ 11). Photographs of the chicken "juice" Ms. Anderson observed trailing behind Ms. Nishijima's shopping cart are reproduced below.





(Id. at ¶ 10)

## II.   <u>LEGAL STANDARD</u>

Summary judgment is appropriate in any case in which "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Walmart, as the movant, must initially inform the court of the basis for its motion as well as identify the portions of the record that demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Walmart can discharge this burden merely by "'showing' – that is,

pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id., at 325.

If Walmart successfully points out that an absence of evidence exists supporting an element of Ms. Nishijima's claims, Ms. Nishijima must provide affirmative evidence from which a reasonable jury could find in her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

A genuine issue of material fact is not simply a tangential fact with no bearing on the claims at issue. Instead, the substantive law dictates which facts are material. Anderson, 477 U.S. at 248. Similarly, genuine issues are those upon which a reasonable jury could find for the non-moving party. Id. at 258.

Ms. Nishijima "must do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Additionally, a "'mere scintilla' of evidence supporting the opposing party's positions will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Gogel v. Kia Motors Manufacturing of Georgia, Inc., 967 F.3d 1121, 1134 (11th Cir. 2020). Similarly, "if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249. In sum, "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving

party, there is no 'genuine issue of material fact.'" <u>Gogel</u>, 967 F.3d at 1134 (internal

citations omitted).

Walmart moves for summary judgment on the following issues.

**IV.    ARGUMENT AND CITATION TO AUTHORITY***:*

As stated above and more fully explained below, Walmart is entitled to

summary judgment because: (1) Ms. Nishijima cannot provide sufficient evidence

which would create a genuine issue of material fact as to whether Walmart had

greater knowledge of any alleged hazard and (2) Ms. Nishijima's testimony as to the

cause of her injuries and the injuries themselves are contrary to explicit assertions in

her Complaint. For either reason, this Court should summarily dismiss Ms.

Nishijima's claims.

**A.    MS. NISHIJIMA CANNOT ESTABLISH THAT WALMART HAD SUPERIOR KNOWLEDGE OF THE ALLEGED HAZARD THAT CAUSED HER FALL.**

Pretermitting whether Ms. Nishijima should be allowed to argue a

demonstrably different injury and cause of injury between her Complaint and

testimony, Ms. Nishijima cannot prevail in a premises liability case against Walmart,

as she cannot show Walmart had constructive or actual, much less superior,

knowledge of the alleged hazard she claims caused her injury.

Georgia law generally requires that premises occupiers like Walmart exercise reasonable care in keeping their premises and approaches safe. O.C.G.A. § 51-3-1. However, "what the law requires is not warranty of the safety of everybody from everything, but such diligence toward making the store safe as a good business man is in such matters accustomed to use." Herschel McDaniel Funeral Home, Inc. v. Hines, 124 Ga. App. 47, 49 (1971). Indeed, "falling and injuring oneself proves nothing. Such happenings are commonplace wherever humans go." Kersey v. C.S.R.A. Economic Opportunity Authority, Inc., 195 Ga. App. 94, 94 (1990). For this reason, "proof of a fall, without more, does not give rise to liability on the part of the proprietor." See Hall v. Noble-Interstate Management Group, LLC, 349 Ga. App. 661, 663 (2019).

"To recover damages for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Williams Investment Co. v. Girardot, 354 Ga. App. 762, 763 (2020). "The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's *superior* knowledge of a condition that may expose the invitee to an unreasonable risk of harm." Season All Flower Shop, Inc. v. Rorie, 323 Ga. App. 529, 533

(2013)(*emphasis added*). For this reason, "a plaintiff cannot recover on a premises liability claim unless the defendant had superior knowledge of the hazard; consequently, the defendant is entitled to summary judgment if there is no evidence that it had superior knowledge or [if] the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant." <u>Diaz v. Wild Adventures, Inc.</u>, 289 Ga. App. 889, 891 (2008) (internal cits. omitted). As demonstrated below, Walmart had no knowledge of the alleged hazard that Ms. Nishijima alleges caused her to fall.

### 1. <u>Walmart Did Not Have Actual Knowledge of the Alleged Hazard</u>.

No testimony or evidence exists to show Walmart had actual knowledge of either alleged hazard that Ms. Nishijima complains of.[1] Both Ms. Book and Ms. Anderson averred that Walmart had no knowledge of any hazard in the area, and if any had been known, it would have been removed immediately. (<u>Exh. B</u> at ¶ 7; <u>Exh. C</u> at ¶ 7). Therefore, the only inquiry for this court is to determine if a genuine question of fact exists as to whether Walmart possessed constructive knowledge of the liquid on the floor.

---

[1] For purposes of this motion, Walmart will presume that Ms. Nishijima's deposition testimony as to the alleged hazard consisting of liquid is the operative hazard.

**2.** **Walmart Did Not Have Constructive Knowledge of the Alleged Hazard**.

Constructive knowledge can be shown "if the evidence shows that a foreign substance has remained on the floor of the premises for a sufficient period of time that it should have been discovered and removed in a reasonable inspection of the premises… Johnson v. Autozone, Inc., 219 Ga. App. 390, 392–93 (1995) (*citing* Food Giant v. Cooke, 186 Ga. App. 253, 255 (1988)).

**a. Walmart had reasonable inspection procedures.**

First, Walmart had a reasonable inspection procedure. Ms. Anderson and Ms. Book have averred that *all* associates and managers are responsible for maintaining the cleanliness of the areas in which they travel which includes identifying spills. (Exh. B at ¶ 4; Exh. C at ¶ 4). These policies are referred to as "Towel in Pocket" and "Clean as You Go." (Exh. B at ¶ 4; Exh. C at ¶ 4). Both Ms. Anderson and Ms. Book have averred that these policies were in effect at the time of the subject incident and that they were being followed. (Exh. B at ¶ 6; Exh. C at ¶ 6). Ms. Nishijima can provide no evidence Walmart's inspection procedures were either not reasonable or not followed.

**b. Plaintiff cannot show the substance was on the floor for a sufficient length of time.**

[I]t is not always necessary for the proprietor to show compliance with reasonable inspection procedures to establish a lack of constructive

> knowledge. In seeking summary judgment, the proprietor may also produce evidence… that the foreign substance had not been on the premises long enough to have been discovered by a reasonable inspection, regardless of whether inspection procedures had been instituted and complied with. Or the proprietor may simply point out the absence of any evidence in the record showing that the foreign substance had been on the premises for a period of time sufficient to have been discovered by a reasonable inspection of the premises.

Johnson, 219 Ga. App. at 394. In other words, the existence of a reasonable inspection procedure, and whether it was followed, is irrelevant if the alleged hazard did not exist long enough that it would have been discovered by such a procedure.

There is no evidence to suggest the liquid was on the floor long enough that a reasonable inspection procedure should have discovered it. A "proprietor is under no duty to continuously patrol the premises in absence of facts showing that the premises are unusually dangerous." Alterman Foods, Inc. v. Ligon, 246 Ga. 620, 622 (1980). Georgia courts routinely find that premises owners do not have constructive knowledge of liquid on the ground between two and eight minutes. All Am. Quality Foods, Inc. v. Smith, 340 Ga. App. 393, 396 (2017) (internal cits. omitted). In Johnson, the Georgia Court of Appeals found that a spill on the ground for no more than fifteen to twenty minutes was insufficient to impute constructive knowledge on the proprietor. Johnson, 219 Ga. App. at 394.

Ms. Nishijima could provide no testimony as to the length of time the liquid was on the ground. (Exh. A, 24:2-9). On the other hand, Ms. Anderson averred that the bag of raw chicken in Ms. Nishijima's cart was leaking onto the floor, that there was a trail of liquid behind Ms. Nishijima's shopping cart, and that there was no sign the liquid had been on the floor for a period of time. (Exh. B, at ¶¶ 17-20). Finally, Ms. Anderson observed that Ms. Nishijima slipped in said liquid. (Exh. B, at ¶ 21). Photographs at the scene depict the trail of liquid as clearly visible and covering a large area. (Exh. B, at ¶ 10). The evidence in the case at bar clearly shows the alleged hazard Ms. Nishijima complains of came from her own cart. Even if she was unaware of the liquid coming from her own cart, she cannot expect Walmart to have protected her from a spill that was being created literally as she walked. Alternatively, if, contrary to visible evidence, Ms. Nishijima contends that the liquid on which she slipped was not actively coming from her own cart, there is no evidence whatsoever that the liquid was on the floor for even seven minutes as in All Am. Quality Foods, Inc. 340 Ga. App. at 396. Again, it is *Ms. Nishijima's* burden to prove the liquid was on the floor for a legally-sufficient length of time. See Hopkins, 232 Ga. App. at 518.

In her deposition, Ms. Nishijima was unclear about much, but she was clear about two facts: (1) she was in the store for less than three minutes, and (2) she walked through the *exact* spot where the incident occurred. She was asked:

> Q: Okay. Here's the question. When you enter the Walmart, on the way to pick up the chicken, did you pass that exact same spot? By passing, I mean, step over that exact same spot where you later on fell?
>
> A: Yes. I – I passed that place.

(Id., 44:19-25, 45:1-2). Plaintiff did not fall on the way into the store, but on the way out. When asked how long she was in the store, she responded "…I went in, walked to where the chicken was, turned around. I would say two minutes or three minutes of walking.  That's all. That's the most you – you – you take to walk that way." (Id., 46:13-19). Despite stepping "over the exact same spot where [she] later fell" Ms. Nishijima could not state the length of time the liquid was on the ground. (*Id.*, 24:2-9). Logically, this means that either the liquid was not on the ground at the time Ms. Nishijima stepped on the exact spot of her fall less than two minutes later *or* she walked through it and did not notice it, thereby not exercising due care for her own safety. However, as Ms. Anderson averred, there were no tracks through the liquid, indicating the liquid had not been on the ground long enough

for Ms. Nishijima to have walked through it the first time. (<u>Exh. B</u>, at ¶ 10). As such, Walmart cannot be found to have had constructive knowledge of the alleged hazard that caused the subject incident and therefore it did not have knowledge of the liquid superior to Ms. Nishijima who had walked through the exact area more recently than any employee of Walmart.

**B. <u>MS. NISHIJIMA CANNOT RECOVER AGAINST WALMART BECAUSE SHE CLEARLY TESTIFIED THAT THE ALLEGATIONS IN HER COMPLAINT ARE UNSUPPORTED.</u>**

As stated earlier, Federal Rule of Civil Procedure 56(a) states that:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Ms. Nishijima's Complaint makes two clear allegations of fact upon which her claims for damages rest. First, she alleges that she fell due to an "uneven" walkway at the store. (<u>Compl.</u>, Doc 34-1, p. 4, ¶¶ 11-15). Second, Ms. Nishijima alleged that she injured her ankle as a result of the subject incident. (<u>Id.</u>, at ¶¶ 16-17). Ms. Nishijima's Complaint makes no other allegations of the cause of her fall other than an uneven walkway or specified any injury other than to her ankle, even in general terms.

> [W]hile notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each

> element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.

Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007) (quotations omitted). Here, it is not that Ms. Nishijima has failed to plead facts to support a claim for personal injury, it is that Ms. Nishijima herself has denied the *specific* facts that she chose to plead in her complaint and base her claim on an entirely different set of facts. This situation is not new, and courts have resoundingly affirmed that "a plaintiff may not amend her complaint through argument in a brief opposing summary judgment." Lightfoot v. Henry Cnty. Sch. Dist., 771 F.3d 764, 779 (11th Cir. 2014) (*quoting* Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004)).

Ms. Nishijima has produced no evidence that she in fact fell because of an uneven walkway *or* that she injured her ankle. To allow her to escape summary judgment by arguing fundamentally different facts than were specifically alleged amounts to "moving of the goalposts, and this is not permitted at summary judgment." Banks v. Marketsource, Inc., 1:18-CV-2235-WMR-JSA, 2019 WL 8277274, at *8 (N.D. Ga. Dec. 5, 2019), report and recommendation adopted, 1:18-CV-02235-WMR, 2020 WL 6291422 (N.D. Ga. Mar. 20, 2020).

III.   <u>CONCLUSION</u>

Ms. Nishijima's case is subject to summary judgment because she has unequivocally disproved the factual allegations in her Complaint and because she cannot prove the fundamental basis of premises liability, that Walmart had superior knowledge of an alleged hazard prior to the subject incident. Based on the foregoing, there is no remaining claim creating a question of fact for the jury and Walmart is entitled to summary judgment as a matter of law.

**WHEREFORE**, in consideration of the foregoing, Walmart respectfully requests that her Motion for Summary Judgment be, in all respects, **GRANTED**.


This <u>27</u> of August, 2024.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

<u>/s/ Matthew J. Hurst</u>
Matthew J. Hurst
Georgia Bar No. 480267
Attorney for Walmart Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@waldonadelman.com

## <u>CERTIFICATE OF COMPLIANCE</u>

On this date, the undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court pursuant to Local Rule 5.1.  The foregoing pleading has been prepared in 14-point Times New Roman font.

This <u>27</u> of August, 2024.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

<u>/s/ Matthew J. Hurst</u>
Matthew J. Hurst
Georgia Bar No. 480267
Attorney for Walmart Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@waldonadelman.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| MARIA NISHIJIMA, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | 2:24-cv-040-SCJ |
| WALMART INC., John Doe, Jane | ) | |
| Doe, and ABC Corp. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this the 27th day of August, 2024, I electronically filed the foregoing *DEFENDANT WALMART INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT* with the Clerk of this Court using the CM/ECF system which will automatically provide notice of such filing via electronic mail to the following attorney(s) of record:

> Stephen J. Valero, Esq.
> Hung Q. (Alex) Nguyen, Esq.
> 770GOODLAW, H.Q. ALEX NGUYEN LAW FIRM, LLC
> 5495 Jimmy Carter Blvd.
> Suite B-17
> Norcross, GA 30093
> steve@770goodlaw.com
> alex@770goodlaw.com

This 28 of August, 2024.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Matthew J. Hurst
Matthew J. Hurst
Georgia Bar No. 480267
Attorney for Walmart Inc.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@waldonadelman.com