IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MARIA NISHIJIMA,<br><br>　Plaintiff,<br><br>v.<br><br>WALMART, INC., John Doe, Jane Doe, and ABC Corp.<br><br>　Defendants. | CIVIL ACTION FILE<br><br>No. 2:24-CV-00040-SCJ |

## ORDER

This matter appears before the Court on Defendant Walmart, Inc.'s Motion to Dismiss (Doc. No. [17]).[1] For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss.

I. **BACKGROUND**

On July 26, 2023, Plaintiff Maria Nishijima ("Plaintiff") filed a Complaint in the Superior Court of Forsyth County, Georgia against Walmart Claims Services, Inc., John Doe and Jane Doe, and ABC Corp. See Doc. No. [1-5], 2. The

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Complaint arose out of a slip-and-fall accident that occurred on September 22, 2021, at a Walmart store in which Plaintiff alleges she was injured. Id. at 2–4.

On August 7, 2023, Plaintiff attempted service on the only named corporation in the complaint, Walmart Claims Services, Inc. ("Walmart Claims Services") approximately one month prior to the expiration of the two-year statute of limitations. Doc. No. [20-1], 12.[2] However, service was unsuccessful because Plaintiff served Walmart Claims Services' former registered agent, The Corporation Company. Id.; Doc. No. [20], 2. In addition, a courtesy copy of the complaint was mailed via certified mail to Walmart Claims Services' adjuster on August 1, 2023, with a return receipt showing delivery on August 18, 2023. Doc. Nos. [20-1], 14–26; 27–29. In response, Walmart Claims Services filed a Special Answer on September 6, 2023, and a Motion for a Protective Order on September 21, 2023, arguing insufficiency of service of process in both filings. Doc. No. [20-1], 30–40.

On September 26, 2023, four days after the statute of limitations on Plaintiff's claim expired, Plaintiff filed a Motion to Substitute Party Defendant

---

[2] The Court derives its citations from Plaintiff's response brief exhibits at Doc. No. [20].

2

to replace the unidentified corporation ABC Corp. in her complaint with Walmart, Inc. ("Walmart") Doc. No. [20-1], 41–45.

On October 31, 2023, the Superior Court of Forsyth County issued an order dismissing the action against Walmart Claims Services concluding that there was lack of personal jurisdiction and insufficient service of process. Doc. No. [20-1], 46–51. The court also denied Plaintiff's Motion to Substitute Party Defendant, finding that Plaintiff provided no evidence to show that service of process was commenced on Walmart Claims Services or Walmart to support her relation-back theory under Georgia law. Id. at 50. The court also stated that Plaintiff provided no evidence regarding the required condition that "the proposed defendant [Walmart, Inc.], before the statute of limitations expired, knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [Walmart, Inc.]" Id. at 49. The court also stated that the "record . . . fails to show that if Walmart Claims Services, Inc. received timely notice of the lawsuit that it then informed Walmart, Inc. of the lawsuit." Id. at 49. The court found that it would be inappropriate to dismiss the action "as a whole" because Plaintiff commenced the lawsuit within the requisite limitations period and other unidentified Defendants remain[ed] unserved." Id. at 51, n.1. The court noted that the

"question remain[ed] whether Walmart, Inc." could still be served . . . if proof of corporation affiliation [was] ultimately proven to satisfy the requirements" of Georgia law. Id.

On November 1, 2023, Plaintiff filed a First Amended and Recast Complaint, for the purpose of correcting the named-Defendant "Walmart Claims Services, Inc." to "Walmart, Inc." (hereinafter "Defendant"). See Doc. Nos. [3]; [20-1], 52. Defendant was served with process on November 3, 2023. Doc. No. [20-1], 61. On December 1, 2023, Defendant filed a Motion to Dismiss asserting that it was improperly joined as a party. Doc. No. [20-1], 62–65. However, following a Consent Stipulation and Agreement between the Parties filed on February 5, 2024, Defendant withdrew its Motion to Dismiss, and the Superior Court of Forsyth County added Defendant as a party Defendant on February 21, 2024, *nunc pro tunc* to February 5, 2024. Doc. No. [20-1], 85–92. On February 22, 2024, Defendant filed its Answer and raised the defense of statute of limitations. Doc. No. [20-1], 93–98.

Defendant thereafter removed this case to the United States District Court for the Northern District of Georgia. Doc. No. [1].

Following removal, Defendant filed a second Motion to Dismiss, asserting that Plaintiff's claims are time-barred because the claims were

4

brought after the statute of limitations expired, as O.C.G.A. § 9-3-33 provides a "two[-]year statute of limitations for claims for injuries to the person." Doc. No. [17], 3–4.

Plaintiff asserts in opposition that her claims relate back under O.C.G.A. § 9-11-15(c). Doc. No. [20], 2. Section 9-11-15(c) states:

> Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

O.C.G.A. § 9-11-15(c).

With this factual and procedural background in mind, the Court now turns to resolving Defendant's pending Motion to Dismiss.

## II.   LEGAL STANDARD

Rule 15(c) of the Federal Rules of Civil Procedure provides that amended pleadings will relate back to the original pleading date so long as three

requirements of the rule are satisfied. Fed. R. Civ. P. 15(c). The Eleventh Circuit has held that "Rule 15(c) allows federal courts sitting in diversity to apply relation-back rules of state law where . . . state law provides the statute of limitations for the action." Saxton v. ACF Indus., 254 F.3d 959, 963 (11th Cir. 2001). Because the law of Georgia provides the applicable statute of limitations in this case,[3] Rule 15(c) directs this Court to Georgia law governing relation back of amendments.

O.C.G.A. § 9-11-15(c) sets forth Georgia's relation-back rule. The language of O.C.G.A. § 9-11-15(c), is modeled after Federal Rule of Civil Procedure 15(c). Oconee Cnty. v. Cannon, 310 Ga. 728, 733, 854 S.E.2d 531, 536 (2021). First, the claim or defense asserted in the amended pleading must arise out of the same conduct, transaction, or occurrences set forth or attempted to be set forth in the original pleading. O.C.G.A. § 9-11-15(c). Second, the party to be brought in by amendment must have received notice (prior to the expiration of the statute of limitations), so that he will not be prejudiced in maintaining his defense on the merits. Id. Third, the party to be brought in by amendment knew or should have known (prior to the expiration of the statute of

---

[3] Specifically, O.C.G.A. § 9-3-33 states in relevant part: "injuries to the person shall be brought within two years after the right of action accrues . . . ." O.C.G.A. § 9-3-33.

limitations) that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Id.

In accordance with this relation-back test, all three elements must be met for the rule to be satisfied. Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 553 (2010). The aim of the relation-back rule is to ameliorate the impact of the statute of limitation. Suwannee Swifty Stores v. Nationsbank, N.A., 245 Ga. App. 198, 201, 536 S.E.2d 299, 303 (2000) (citations omitted).

In the case *sub judice*, the element requiring that the claim in the amended pleading arise out of the same conduct, transaction, or occurrence as the original pleading is not in dispute. See Campbell v. Air Jam, Ltd., 760 F.3d 1165, 1175 (11th Cir. 2014) (holding that this element is satisfied when the plaintiff alleges the same essential facts that formed the basis for the claims in his amended complaint). Plaintiff asserts that the facts presented in the original pleading are the same facts that form the basis for Plaintiff's claims against Defendant. See Doc. No [20], 8. Defendant also concedes that this first condition is satisfied because the claims in the amended pleading arise out of the same conduct, transaction, or occurrence as those in the original complaint. See Doc. No. [17], 6. Therefore, the second and third elements of O.C.G.A. § 9-11-15(c) will be the focus of this analysis. O.C.G.A. § 9-11-15(c).

## III. ANALYSIS

The Court determines that Plaintiff meets the remaining two requirements outlined in O.C.G.A. § 9-11-15(c), allowing her amended pleading date to relate-back to her original pleading date.

### A. **Defendant's Awareness of the Action Prior to the Expiration of the Statute of Limitations**

Defendant's Motion to Dismiss argues that Plaintiff's claims are time-barred because Defendant was not served prior to the statute of limitations expiring. Doc. No. [17], 6, 8. While the Court acknowledges Defendant was not served prior to the expiration of the statute of limitations, the Court disagrees that Plaintiff's claims are time-barred because of it.

#### *1.   Actual Notice versus Service of Process*

The Georgia Court of Appeals has found that when intertwined corporations have both "received notice of an action before the expiration of the statute of limitations, the prejudice [by the passage of time prior to amendment of the pleading] that might otherwise exist is negated." Fontaine v. Home Depot, 250 Ga. App. 123, 126, 550 S.E.2d 691, 695 (2001) (citing Shiver v. Norfolk-Southern Ry., 220 Ga. App. 483, 484–485, 469 S.E.2d 769, 770 (1996)). Whether service of process was effectuated appears to not be determinative under Georgia law, so long as the defendant received actual notice of the

8

lawsuit prior to the statute of limitations expiring. McNeil v. McCollum, 276 Ga. App. 882, 887, 625 S.E.2d 10, 11 (2005).[4]

Here, Defendant relies on the assertion that service was only attempted on Walmart Claims Services and that in its pre-removal order, the Superior Court of Forsyth County emphasized that Plaintiff failed to serve process on either Walmart Claims Services or Defendant, which was a link that was missing to evaluate Plaintiff's relation-back theory. See Doc. No. [20-1], 50. However, McNeil establishes that if actual notice was provided prior to the statute of limitations, that is sufficient to determine if the defendants were aware of the lawsuit. McNeil, 276 Ga. App. at 887, 625 S.E.2d at 11. Here, Plaintiff provided notice of the lawsuit to Walmart Claims Services before the expiration of the statute of limitations through certified mail. Doc. No. [20-1], 27–28. Walmart Claims Services received a copy of the complaint and summons, as evidenced by the USPS return receipt dated August 18, 2023, approximately one month prior to the expiration of the two-year (September 22, 2023) statute

---

[4] In addition, "[t]he Georgia courts have repeatedly held that service or waiver is essential, but that when made it relates back to the date of filing, which establishes the date the action is commenced." Williams-E., Inc. v. Weeks, 156 Ga. App. 861, 863, 275 S.E.2d 801, 803 (1981) (cleaned up) (citing Taylor v. Kohlmeyer & Co., 123 Ga. App. 493, 494(1), 181 S.E.2d 496 (1971)).

of limitations. Id. This is sufficient to indicate that Walmart Claims Services had notice of the lawsuit.

### 2. *Walmart Claims Services and Defendant are Sufficiently Intertwined Corporations*

In continuation of this analysis, because Walmart Claims Services received notice, the question that remains is whether Defendant also received notice. Here, Plaintiff argues that she provided notice of the lawsuit to Defendant "prior to the expiration of the statute of limitations by providing notice to the sufficiently intertwined party Walmart Claims Services." Doc. No. [20], 10.

The Georgia Court of Appeals has held that when two companies: (1) have the same principal office address, (2) share the same registered agent, and (3) have a claim adjuster on behalf of the proper party acknowledge the plaintiff's claim and ask for more information on it, the evidence is sufficient to show that the corporations are intertwined and that the proper party "received such notice of the institution of the action that it would not be prejudiced in maintaining his defense on the merits." Leary v. Perdue Farms, Inc., 359 Ga. App. 123, 127, 856 S.E.2d 772, 775 (2021) (citing Fontaine, 250 Ga. App. at 126, 550 S.E.2d at 693–94).

Here, Plaintiff presents exhibits that show that Walmart Claims Services and Defendant have shared a principal business address (with brief departures) for at least twenty-one years based on their filings with the Georgia Secretary of State. Doc. No. [20], 17 (citing Exhibits V and W; Doc. No. [20-1], 207–295).

Second, Plaintiff presented exhibits that show that the two entities have shared a registered agent at numerous points for at least eighteen years. Id.

Third, Plaintiff filed multiple letters from Walmart Claims Services in which it communicates with Plaintiff's counsel and states that it has "administered retail customer injury and property damage claims for Walmart and its related companies and their insurance companies since 1993." Id. at 16 (citing Pl. Ex. R, Doc. No. [20-1], 100). The letters acknowledge the ongoing claim, request a courtesy copy of the complaint, and ask for more information, such as conducting a telephone interview for its investigation. Id. (citing Pl. Exs. R, S, T).

Plaintiff also presented evidence showing that Walmart Services interconnectedness through their websites (Pl. Exs. W, Z, AA, BB), the Corporate Disclosure Statement in the instant action (Pl. Ex. Y) showing Walmart Claims Services as a subsidiary of Defendant, and the litigation

11

history showing that Defendant and Walmart Claims Services have acted in close concert. Doc. No. [20], 18–20.

Defendant has presented nothing to contradict Plaintiff's argument and evidence.

The Court concludes that the evidence provided by Plaintiff is sufficient to show that Walmart Claims Services and Defendant are intertwined corporations. Plaintiff has therefore met the second requirement for relation-back to apply.

### B. Defendant Knew or Should Have Known, but for Plaintiff's Mistake this Action Would have Been Brought Against it

Defendant states in its Motion to Dismiss that the Superior Court of Forsyth County found that because timely service did not occur (upon Walmart or Walmart Claims Services, Inc.) it was not possible for Walmart to have known that "but for" a mistake by Plaintiff, Walmart would have been named as a party Defendant. See Doc. No. [17], 7. The Court disagrees.

#### 1. *Plaintiff's Mistake and Defendant's Operation of Stores*

In Krupski v. Costa Crociere S. p. A., the Supreme Court notes that a mistake is "[a]n error, misconception, or misunderstanding; an erroneous belief." Krupski, 560 U.S. at 548 (quoting Black's Law Dictionary 1092 (9th ed. 2009)). Whether a plaintiff knows of a party's existence, does not negate that

12

plaintiff's ability to make a mistake "with respect to that party's identity." Id. at 549. "[T]he proper question . . . is not whether the *plaintiff* knew or should have known the identity of the proper defendant, but whether the proper *defendant* knew or should have known that the action would have been brought against him but for the plaintiff's mistake." Oconee Cnty., 310 Ga. at 734, 854 S.E.2d at 537 (citing Krupski, 560 U.S. at 548). Furthermore, the Georgia Court of Appeals held in Rich's, Inc. v. Snyder, that because the second corporation did not operate any stores but was a stockholder in the first corporation, the first corporation knew or should have known that an action for an injury [involving] one of its stores would have been brought against it but for the plaintiff's mistake. 134 Ga. App. 889, 892, 216 S.E.2d 648, 650 (1975).

Plaintiff states that neither Walmart Claims Services nor Defendant can deny that Plaintiff made a mistake concerning the identity of the proper party because both corporations have used that fact in support of their motions to dismiss. See Doc. No. [20], 22. Plaintiff also asserts that she originally believed Walmart Claims Services was the proper name. Id. And the evidence suggests that although Walmart Claims Services acts as the insurer for Defendant and not a stockholder, Walmart Claims Services does not operate any of Defendant's stores. Id. at 22. This indicates that, similar to the Rich's case,

13

Defendant knew or should have known but for Plaintiff's mistake, the action would have been brought against it. Id. at 23.

### 2. *The Superior Court of Forsyth County's Order*

As noted above, in its pre-removal order, the Superior Court of Forsyth County stated that regarding the third component of the relation-back rule, Plaintiff provided no evidence to satisfy the condition to support her theory, and decided to leave the action open for it to be determined whether Defendant could still be served in the case if proof of corporate affiliation was ultimately proven to satisfy that third component under Georgia law. See Doc. No. [20-4], 51, n.1. Post-removal, Plaintiff has brought forth evidence on the open question to show that Defendant Walmart and Walmart Claims Services, Inc. are intertwined and that there is corporate affiliation.[5] As previously indicated, the fact that Walmart Claims Services received actual notice prior to the expiration of the statute of limitations renders the argument that there had to be service prior to the expiration of the statute of limitations non-determinative—as it

---

[5] Because the Superior Court left an open question, that pre-removal order does not bind this Court's hands in light of the additional evidence presented by Plaintiff as well as this Court's own independent research of Georgia law concerning the effect of the absence of service of process. See Williams-E., Inc., 156 Ga. App. at 863, 275 S.E.2d at 803.

appears to the Court that the focus of the analysis is *notice* of the lawsuit. McNeil, 276 Ga. App. at 887, 625 S.E.2d at 11.

Based on the evidence provided, the Court concludes that Defendant knew or should have known (prior to the expiration of the statute of limitations) that it would be a party to this action, but for Plaintiff's mistake. Plaintiff has therefore met the third requirement for relation-back to apply.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. Doc. No. [17]. Plaintiff meets all the requirements pursuant to O.C.G.A. § 9-11-15(c) for her amended pleading to relate-back to her original pleading date. The First Amended and Recast Complaint is not time-barred and stands as the operative complaint. The Court will address the pending summary judgment motion (Doc. No. [32]) by separate order.

**IT IS SO ORDERED** this 17th day of December, 2024.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**