## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

**MARIA NISHIJIMA,**

   **Plaintiff,**

**v.**

**WALMART INC., John Doe and
Jane Doe and ABC Corp.,**

   **Defendants.**

**CIVIL ACTION FILE
No. 2:24-CV-00040-SCJ**

## <u>ORDER</u>

This matter is before the Court on Defendant Walmart Inc.'s Motion for

Summary Judgment. Doc. Nos. [29];[1] [32].[2]

## I.    FACTUAL BACKGROUND

Plaintiff Maria Nishijima ("Plaintiff") alleges in her Complaint that she

fell due to "uneven" walkway at a Walmart Store located 630 Collins Hill Road,

Lawrenceville, Georgia 30046 ("the Walmart store" or "the store") on

---

[1] Doc. No. [29] is a duplicative motion.

[2] All citations are to the electronic docket unless otherwise noted, and all page
numbers are those imprinted by the Court's docketing software.

September 22, 2021 ("the subject incident"). [3] Def. SMF. ¶¶ 1,[4] 3.[5] Plaintiff alleges that she injured her ankle as a result of the subject incident. Id. at ¶ 2.[6] At her deposition, Plaintiff testified that the subject incident occurred inside the store between the meat department and checkout. Id. at ¶ 4. Plaintiff testified that the subject incident occurred because she slipped on water. Id. at ¶ 5. As a result of the incident, she testified that she injured only her back and her head. Id. at ¶ 6.

---

[3] The Court derives the facts from the Parties' submissions (Doc. Nos. [32-1]; [33-3]) and the Record. The Court notes that Plaintiff's responses to Defendant's Statement of Material Facts are not formatted in accordance with the Court's standing instructions. Doc. No. [7], 8. Nevertheless, the Court has considered the responses (with the warning that the Court's instructions are to be followed). In addition, pursuant to Local Rule 56.1(B), when a fact is undisputed, the Court adopts and includes the fact. For the disputed facts, the Court reviews the Record to determine if a dispute exists and, if so, whether the dispute is material. If the dispute is not material, the Court cites the fact and the opposing party's response. Where the dispute is material and the opposing party's response reflects the Record more accurately, the Court modifies the proposed fact and cites the Record. The Court also rules on objections to proposed facts and excludes immaterial facts, those stated as an issue or legal conclusion, those not supported by a citation to evidence, or those that the Record citation fails to support. By including the fact herein, the objection has been overruled. By excluding the fact, the Court has sustained the objection. Finally, where appropriate, the Court includes facts drawn from its review of the Record.

[4] Plaintiff's materiality objection to SMF ¶ 1 is overruled.

[5] The Amended Complaint (Doc. No. [3]) is the operative complaint and will be referred to as "the Complaint" for purposes of this Order.

[6] Plaintiff's materiality objection to SMF ¶ 2 is overruled.

2

Also in her deposition, Plaintiff was asked the following: "How long were you in the Walmart before you fell?" to which she responded: "I would say I went in, walked to where the chicken was, turned around. I would say two minutes or three minutes of walking. That's all. That's the most you . . . take to walk that way." Id. at ¶ 7; Doc. No. [31], Tr. 46:13–19.

The following exchange also occurred between Plaintiff and her counsel during her deposition:

> Q: [P]lease listen to the question very carefully. You said earlier you can point out to the exact spot where you fell, correct?
> A: Yes.
> Q: Okay. Here's the question. When you enter the Walmart, on the way to pick up the chicken, did you pass that exact same spot? By passing, I mean, step over that exact same spot where you later on fell?
> A: Yes. I — I passed that place.

Def. SMF ¶ 8; Doc. No. [31], Tr. 44:19–25; 45:1–2.

Plaintiff also did not know how long the water had been on the ground prior to the incident. Def. SMF ¶ 9.

On the date of the fall, September 22, 2021, Denise Anderson ("Ms. Anderson") was employed as assistant store manager at the store and

3

Gracie Book ("Ms. Book") was employed as the store manager at the store. Id. at ¶¶ 10–11.[7]

In their affidavits in support of the pending Motion, Ms. Anderson and Ms. Book aver that they are both aware of the relevant training that associates receive as part of their employment with Walmart. Doc. Nos. [32-2], ¶ 3; [32-3], ¶ 3.[8] Ms. Anderson and Ms. Book also averred that mandatory training for every associate includes Walmart's "Towel in pocket" and "Clean as you go" policies and procedures and that on the date of Plaintiff's fall (September 22, 2021), the associate and management team at the store at issue were trained on and following these policies and procedures. Doc. No. [32-2], ¶¶ 4–6; [32-3], ¶¶ 4–6. "Under these policies and procedures, all associates are responsible for maintaining the cleanliness of their area and the areas through which they travel." Id. "This includes identifying spills or other hazards which

---

[7] Defendant filed the declarations of Ms. Anderson and Ms. Book in support of its Motion for Summary Judgment.Doc. Nos. [32-2]; [32-3]. Ms. Anderson's declaration references an attached "Associate Witness Statement"/Exhibit 4; however, there was no attached exhibit. Doc. No. [32-3]. In her opposition filing, Plaintiff filed the Associate Witness Statement of Ms. Anderson, which the Court has considered. Doc. No. [36-4].

[8] Plaintiff's credibility objections are moot in light of the analysis, infra.

may exist and ensuring that they are quickly cleaned, removed, or otherwise attended to." Id.

Ms. Anderson and Ms. Book also averred that prior to Plaintiff's slip-and-fall incident occurring, Walmart had no knowledge of any hazard in that area. Doc. Nos. [32-2], ¶ 16; [32-3], ¶ 16.[9]

Ms. Anderson further averred that upon her arrival at the scene, she observed a trail of chicken "juice" trailing behind Plaintiff's shopping cart. Doc. No. [32-3], ¶ 9.[10] She also averred that the chicken "juice" did not contain any

---

[9] Contrary to Defendant's argument (Doc. No. [37], 2), the Court does not deem this fact admitted such that summary judgment is automatically warranted in its favor as the Court only understands this fact to address actual knowledge. The matter of constructive knowledge is not established until a defendant has met its initial burden of showing that it had a reasonable inspection procedure that was both in place and being followed at the time of the incident. Shepard v. Winn Dixie Stores, Inc., 241 Ga. App. 746, 748, 527 S.E.2d 36, 38 (1999); Higgins v. Food Lion, Inc., 254 Ga. App. 221, 222, 561 S.E.2d 440, 442 (2002).

[10] Ms. Anderson's affidavit also indicates that there are four exhibits (i.e., photographs and a witness statement) attached; however, no such exhibits were attached on CM/ECF. Doc. No. [32-3], ¶¶ 10–11. In her opposition/response, Plaintiff included the photographic and witness statement exhibits that were not attached to Ms. Anderson's affidavit. The Court has considered the entirety of the exhibits found in the record.

tracks or similar marks to indicate the chicken juice had been on the floor for any period of time. Id. ¶ 10.[11]

On August 28, 2024, Defendant Walmart filed its Motion for Summary Judgment. Doc. No. [32]. The Motion has been fully briefed and is now ripe for review. Doc. Nos. [33]; [37].

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the

---

[11] Ms. Anderson also rendered an opinion as to what Plaintiff slipped on; however, the Court does not rely on said opinion for purposes of summary judgment. See Johnson v. Autozone, Inc., 219 Ga. App. 390, 393, 465 S.E.2d 463, 466 (1995) ("We do not rely on the employee's opinion that the oil had been running down the slope for less than five minutes before he observed it") (citing Ginn v. Morgan, 225 Ga. 192, 193, 167 S.E.2d 393 (1969) (opinion evidence alone will not support an award of summary judgment)).

outcome of the case." <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. <u>Hickson Corp. v. N. Crossarm Co.</u>, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). The moving party's burden can be discharged either by showing an absence of evidence to support an essential element of the nonmoving party's case or by showing that the nonmoving party will be unable to prove their case at trial. <u>Celotex</u>, 477 U.S. at 325; <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must consider the facts in the light most favorable to the nonmoving party. <u>See</u> <u>Robinson v. Arrugueta</u>, 415 F.3d 1252, 1257 (11th Cir. 2005).

Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). There is no "genuine [dispute] for trial" when the record as a whole could not

lead a rational trier of fact to find for the nonmoving party. Id. All reasonable doubts, however, are resolved in the favor of the nonmoving party. Fitzpatrick, 2 F.3d at 1115. In addition, the court must "avoid weighing conflicting evidence or making credibility determinations." Stewart v. Booker T. Washington Ins., 232 F.3d 844, 848 (11th Cir. 2000).

## III.    ANALYSIS

The Court will now address the two issues raised in the Motion: (1) has Plaintiff provided sufficient evidence to create a genuine issue of material fact as to whether Defendant Walmart had superior knowledge of any alleged hazard; and (2) whether Plaintiff's testimony as to the cause of her injuries and the injuries themselves are contrary to explicit assertions in her Complaint.

### A.    __Superior Knowledge__

In its Motion for Summary Judgment, Defendant Walmart argues that Plaintiff cannot establish that it had superior knowledge of the alleged hazard[12] that caused Plaintiff to fall. Doc. No. [32], 8.

---

[12] For purposes of its Motion, Defendant Walmart presumes that the alleged hazard consists of liquid. Doc. No. [32], 10 n.1.

To recover on a premises liability theory under Georgia law, a plaintiff-invitee must show that she was injured by a hazard on the defendant-landowner's premises that the defendant "should have removed in the exercise of ordinary care for the safety of the invited public." Am. Multi-Cinema, Inc. v. Brown, 285 Ga. 442, 444, 679 S.E.2d 25, 27 (2009). A plaintiff must plead and prove two elements in a "slip and fall" action: "(1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control." Id. (citations omitted); see also Haskins v. Piggly Wiggly S., Inc., 230 Ga. App. 350, 351, 496 S.E.2d 471, 473 (1998) (stating that "the true ground of liability is the owner or occupier's superior knowledge of the hazard and the danger therefrom").

### 1.    *Defendant's Knowledge*

Here, there is no evidence in the record that shows that Defendant had actual knowledge of the hazard.

If a defendant lacks actual knowledge of the hazard, a plaintiff can establish constructive knowledge by showing that either: (1) an employee was

9

in the immediate vicinity of the hazard and could easily have seen and removed the substance; or (2) the alleged hazard was present for such a length of time that it would have been discovered had the owner exercised reasonable care in inspecting the premises. Ingles Mkts., Inc. v. Rhodes, 340 Ga. App. 769, 771, 789 S.E.2d 340, 342–43 (2017). As to the latter, in seeking summary judgment, the defendant has the initial burden of showing that it had a reasonable inspection procedure that was *both* in place and being followed at the time of the incident. Shepard v. Winn Dixie Stores, Inc., 241 Ga. App. 746, 748, 527 S.E.2d 36, 38 (1999); see also Higgins v. Food Lion, Inc., 254 Ga. App. 221, 222, 561 S.E.2d 440, 442 (2002) ("The evidence must establish an adherence to customary inspection and cleaning procedures on the day in question and not simply that such procedures exist.").

Here, there is no evidence of an employee in the vicinity of the alleged hazard, so liability resolves around the second method of establishing constructive knowledge and the analysis focuses on length of time that the alleged hazard was present and reasonable inspection procedure.

In its briefing, Defendant asserts that "the existence of a reasonable inspection procedure, and whether it was followed, is irrelevant if the alleged

hazard did not exist long enough that it would have been discovered by such a procedure." Doc. No. [32], 12. Defendant cites the case of <u>Johnson v. Autozone</u>, <u>Inc.</u>, 219 Ga. App. 390 (1995) in support of this argument. In <u>Johnson</u>, the plaintiff was injured when she slipped and fell in a puddle of oil in the parking lot of an Autozone store. <u>Id.</u> In finding for the defendant-store, the Georgia Court of Appeals held:

> [I]t is not always necessary for the proprietor to show compliance with reasonable inspection procedures to establish a lack of constructive knowledge. In seeking summary judgment, the proprietor may also produce evidence, as Autozone did in this case, that the foreign substance had not been on the premises long enough to have been discovered by a reasonable inspection, regardless of whether inspection procedures had been instituted and complied with. Or the proprietor may simply point out the absence of any evidence in the record showing that the foreign substance had been on the premises for a period of time sufficient to have been discovered by a reasonable inspection of the premises. <u>Lau's Corp.</u>, <u>supra</u>.

<u>Johnson</u>, 219 Ga. App. at 394, 465 S.E.2d at 466–67.

In support of its summary judgment motion, Autozone produced the affidavit of an employee who stated that 15 to 20 minutes prior to the plaintiff's "fall he was working in the parking lot, could have seen the oil from where he

was working, but did not see any oil on the ground at that time." Id. at 393, 465

S.E.2d at 466. The Georgia Court of Appeals concluded that the employee's

affidavit was evidence showing that the spill had existed in the parking lot for

no more than a short period of 15 to 20 minutes prior to plaintiff's fall. Id. at

393–94, 465 S.E.2d at 466.

In the case *sub judice*, there is no such employee affidavit. In the absence

of a similar affidavit, the Court declines to apply Johnson as the facts of the

Johnson case are not analogous to the case *sub judice*. In addition, Defendant's

argument (Doc. No. [32], 14–15) as to what Plaintiff's testimony about passing

the spot at issue "logically" means amounts to speculation. See Zen-Noh Hay,

Inc. v. Knight Ag Sourcing, LLC, No. CV-20-00456-PHX-SPL, 2021 WL 1841694,

at *2 (D. Ariz. May 7, 2021) (concluding that a "logically means" argument at

summary judgment amounts to "mere allegation and speculation").

Thus, the analysis returns to the general rule, which is stated as follows.

At the summary judgment stage, a slip-and-fall plaintiff does not need to put

forth evidence of how long a foreign substance has been on the floor until the

defendant has shown a reasonable inspection procedure that was in place and

being carried out on the date of the incident. Benson, 343 Ga. App. at 77, 806

S.E.2d at 28; <u>Barge v. Melvin Carmichael Enters., Inc.</u>, 252 Ga. App. 725, 727, 556 S.E.2d 906, 907 (2001). Defendant Walmart argues it has put forward evidence that the store at issue instituted and followed reasonable inspection procedures concerning spills on the date of the incident. Doc. No. [32], 11. The policies were the "Towel in Pocket" and "Clean as You Go" policies. <u>Id.</u> [13] "Under these policies and procedures, all [Walmart] associates are responsible for maintaining the cleanliness of their area and the areas through which they travel." Doc. No. [32-2], ¶¶ 4–6; [32-3], ¶¶ 4–6. "This includes identifying spills or other hazards which may exist and ensuring that they are quickly cleaned, removed, or otherwise attended to." <u>Id.</u>

"Whether an inspection procedure is reasonable as a matter of law varies case-to-case, depending on the nature of the business, the size of the store, the number of customers, the nature of the dangerous condition, and the store's location." <u>Food Lion, LLC v. Walker</u>, 290 Ga. App. 574, 576, 660 S.E.2d 426, 429 (2008) (citation and punctuation omitted). For instance, Georgia courts have

---

[13] The exhibit that explains the "Clean as You Go" policy is in the record at Doc. No. [36-2]. Other policy exhibits are at Doc. Nos. [36-1]; [36-10]. Other than the affidavits of Ms. Anderson and Ms. Book, none of the other exhibits specifically reference a "Towel in Pocket" policy.

held that supermarkets often require more frequent inspection than other premises because "[t]he nature of a supermarket's . . . business creates conditions which cause slip and falls to occur with some frequency." Id. (citation and punctuation omitted).

Courts differ as to whether an inspection procedure requiring all employees to remain on the lookout for and immediately remove hazards can be reasonable and adequate as a matter of law. Compare Haskins v. Piggly Wiggly S., Inc., 230 Ga. App. 350, 351–52, 496 S.E.2d 471, 472–73 (1998) (finding for a defendant-store that "had no specific set times for checking the floors" but "had a store policy requiring that the management and employees maintain a continuous lookout for spills"); Cartwright v. Wal-Mart Stores E., LP, No. 5:17-CV-278 (MTT), 2019 WL 2016540, at *3 (M.D. Ga. May 7, 2019) (determining that a "safety sweep" policy requiring employees to inspect areas as they worked was adequate as executed) with Ingles Mkts., Inc. v. Martin, 236 Ga. App. 810, 811–12, 513 S.E.2d 536, 538 (1999) (stating that "[i]t is not clear that . . . periodic sweeping [every hour] constituted a reasonable inspection program" when the defendant "provided no details as to how the sweeping was physically carried out"); Gilbert v. Auto. Purchasing Serv., 254 Ga. App.

770, 772, 563 S.E.2d 906, 909 (2002) (finding an inspection policy's reasonableness was a question for the jury where an employee testified that the defendant "had no systematic program in place for safety floor inspections"); Barge, 252 Ga. App. at 728, 556 S.E.2d at 908 (holding that an inspection policy was not reasonable as a matter of law where "employees [generally] were 'supposed' to check for hazards," but "there was no set interval" for inspecting the store aisles during business hours, the premises owner could not testify as to how often inspections were done, and the record was devoid of any employee testimony about any inspections on the date of the incident); KMart Corp. v. Jackson, 239 Ga. App. 176, 178, 521 S.E.2d 93, 96 (1999) (finding that instruction to employees to "constantly walk[] the store" was insufficient to conclude that the defendant's inspection procedure was reasonable as a matter of law); Benefield v. Tominich, 308 Ga. App. 605, 609–10, 708 S.E.2d 563, 567–68 (2011) (declining to hold as a matter of law that the defendant's inspection policy was reasonable where the policy generally required all employees to keep the outside of the store "neat and tidy at all times" but made "no mention of how frequently the outside area must be checked").

The facts of the case *sub judice*, appear to align more with the latter line of authority and the <u>Fairview Park, Ltd. Partnership v. Roddenberry</u>, 364 Ga. App. 247, 874 S.E.2d 408 (2022) case relied upon by Plaintiff in her opposition brief. In <u>Fairview</u>, the Georgia Court of Appeals held that even when a defendant produced its safety management plan and there was employee testimony concerning being trained to address a spill as quickly as possible, the defendant still failed to present evidence of a reasonable inspection procedure sufficient to warrant summary judgment. <u>Id.</u> at 250, 874 S.E.2d at 411.

Here, there is evidence of Defendant's "Clean as You Go," program, but details are missing. <u>See</u> Doc. No. [36-2]. For example, the exhibits concerning the "Clean as You Go," policy include a "Fresh Areas," "Produce, Meat & Deli," section and states "Frequency . . . Per cleaning guidelines," but the Court was not provided with anything labeled "cleaning guidelines." <u>Id.</u>

Defendant has also "not provided plain, palpable, and undisputable proof that the inspection policy was actually followed" on the date of Plaintiff's fall. <u>Lundy v. Publix Super Mkts, Inc.</u>, No. 1:20-CV-3405-MLB, 2022 WL 124553, at *4 (N.D. Ga. Jan. 13, 2022). Nowhere in the submitted affidavits of Defendant's employees, "or in any evidence in the record, does Defendant

provide any specific information" or details about the policies and procedures being carried out or followed on September 22, 2021. Id. There are just conclusory and generic statements in the Book and Anderson affidavits to this regard. Doc. Nos. [32-2]; [32-3], ¶ 3. The Court cannot conclude as a matter of law that Defendant's inspection policy was reasonable and followed under these circumstances. As a result, Defendant did not successfully shift the burden to Plaintiff, and summary judgment is inappropriate on this ground." Lundy, 2022 WL 124553, at *4. [14] See Ramotar v. Kroger Co., 322 Ga. App. 28, 29, 743 S.E.2d 591, 593 (2013) ("Although employees were told to always be on the lookout for spills when they were going down one of the store's aisles, no evidence showed that any Kroger employee inspected or checked aisle five for at least 45 minutes prior to [plaintiff's] fall."); Funez v. Wal-Mart Stores E., LP, No. 1:12-CV-0259-WSD, 2013 WL 11981902, at *4 (N.D. Ga. Apr. 30, 2013) ("Here, the only evidence to support [d]efendant's compliance with its inspection procedures is [an employee coordinator's] conclusory assertion that he 'has personal knowledge that on August 31, 2010, the policies and

---

[14] If there is a genuine dispute of material fact as to constructive knowledge, the negligent maintenance of premises, vicarious liability, and negligent training and supervision claims stand and proceed to jury trial as well.

procedures described herein were followed . . . . [W]hile he may be able to testify generally about [d]efendant's inspection procedures, [the employee coordinator] fails to provide a factual basis for his statement that the inspection procedures were being carried out at the time of [p]laintiff's fall."); cf. Nealy v. Wal-Mart Stores E., LP, No. 1:19-CV-01379-AT, 2021 WL 3398145, at *12 (N.D. Ga. Jan. 26, 2021) ("Without any information to show the who, what, where, and when of the alleged inspections, there is not 'plain, palpable and undisputable proof that customary inspection procedures . . . . were actually followed.' Accordingly, the Court cannot conclude as a matter of law that Wal-Mart's cart inspection procedures were reasonable and followed under the circumstances.") (citations omitted); Fairview Park, 364 Ga. App. at 250, 874 S.E.2d at 411 ("Because [defendant] failed to present evidence of reasonable inspection procedures, an inference of constructive knowledge can be established, and the trial court correctly denied summary judgment to [defendant].").[15]

---

[15] The Court notes that even in the Brown v. Wal-Mart Stores E., LP, No. 1:16-CV-111-WSD, 2017 WL 386647, at *5 (N.D. Ga. Jan. 27, 2017) case relied upon by Defendant, there was evidence of the defendant's execution of "inspection program throughout the day of the accident." For example, "Wal-Mart's Safety Team Leader testified that

### 2.    *Plaintiff's Exercise of Care*

In exercising ordinary care, a plaintiff-invitee must use all of her senses to discover and avoid those things that might cause her harm. Robinson v. Kroger Co., 268 Ga. 735, 741, 493 S.E.2d 403, 406 (1997). However, the invitee is not required to "visually inspect each footfall [and] look continuously at the floor for defects." Id. at 743, 493 S.E.2d at 410. An "invitee is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe for the invitee and continues to exercise such care while the invitee remains on the premises." Id. at 743, 493 S.E.2d at 410.

After review, this Court finds that there is a genuine issue of fact as to whether Plaintiff had equal or greater knowledge of the hazard and whether she exercised due care. See generally Shepard v. Winn Dixie Stores, Inc., 241

---

he followed [d]efendant's safety procedures during the period that [plaintiff] was at the store." Id. "[H]e inspected Wal-Mart's Front End where the cashiers are located, the main front aisle [where the shampoo was spilled], and the electronics department in the rear." Id. (cleaned up). He also "visually inspected [these areas] for spills, debris or any foreign substance which could pose a slip, trip or fall hazard." Id. (cleaned up). Similar details are not present in the record of the case *sub judice.*

Ga. App. 746, 748, 527 S.E.2d 36, 39 (1999); see also Robinson, 268 Ga. at 748, 493 S.E.2d at 414 (reminding the judiciary that "the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed").

**B.    Causation**

Defendant Walmart argues that Plaintiff cannot recover against it because Plaintiff testified that the allegations in her Complaint (concerning Plaintiff falling on an uneven walkway and injuring her ankle) are unsupported. Doc. No. [32], 15 (citing Complaint, ¶¶ 11–15). Defendant argues that Plaintiff has "produced no evidence that she in fact fell because of an uneven walkway or that she injured her ankle." Id. at 16. Defendant also argues against permitting Plaintiff to move the "goalposts" and amend her complaint through briefing. Id. (citing Banks v. Marketsource, Inc., No. 1:18-CV-2235-WMR-JSA, 2019 WL 8277274, at *8 (N.D. Ga. Dec. 5, 2019), report and recommendation adopted, No. 1:18-CV-02235-WMR, 2020 WL 6291422 (N.D. Ga. Mar. 20, 2020)).

In response, "Plaintiff does not contest that paragraphs 14 and 15 of Plaintiff's Complaint had defects but disagrees that she has not adequately plead material elements necessary to sustain a recovery under a viable legal theory." Doc. No. [33-1], 16. Plaintiff states that in her Initial Disclosures, she corrected her allegations and stated that "[o]n September 22, 2021, she was an invitee while on Defendants' premises when she slipped and fell due to Defendants' negligence." Id. at 17 (citing Doc. No. [13], 1–2). Plaintiff also states that "[i]n the course of discovery, [she] has continuously stated that she 'slipped' and fell at Defendant's premises." Doc. No. [33-1], 18 (citing Doc. Nos. [7]; [14]).

After review, the Court is unable to uphold Defendant's argument as unlike the Banks case, relied upon by Defendant, Plaintiff's evidence shows that discovery progressed upon the theory of a slip and fall at Defendant's premises. While the better practice would have been to correct the defective complaint, because Defendant was on notice (through Plaintiff's discovery responses) of the actual way in which Plaintiff asserts that she was injured, the Court cannot conclude that summary judgment is warranted in Defendant's favor at this time. So that the record is perfected, Plaintiff **SHALL** include her

correct allegations concerning her fall/injury in the proposed pretrial order. Cf. Georgia State Conf. of the NAACP v. Georgia, No. 121CV05338ELBSCJSDG, 2023 WL 7093025, at *13 n.26 (N.D. Ga. Oct. 26, 2023) (instructing plaintiffs to clarify their challenged districts in the consolidated pretrial order where parties had engaged in discovery on the districts and a plaintiff had identified the districts in their response to the summary judgment motion); Herstal SA v. Clyde Armory Inc., 838 F.3d 1071, 1089 (11th Cir. 2016) ("A pretrial order supersedes the pleadings.").

### C.   Fictitious Parties

As a final matter, the Court finds that Defendants John Doe, Jane Doe, and ABC Corp. are due to be dropped from this case pursuant to Federal Rule of Civil Procedure 21.

The Court notes that Plaintiff's Complaint indicates that said defendants "will be named and served with the Summons and Complaint once his or her identity is revealed." Doc. No. [3], ¶¶ 4–5. However, the record shows that Plaintiff has not identified or served process on said fictious parties. Moreover, fictitious party pleading is not permitted in federal court unless "the plaintiff's description of the [fictitious] defendant is so specific as to be at the very worst,

22

surplusage." <u>Richardson v. Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010) (citation and quotations omitted). District courts have dismissed fictitious defendants at the summary judgment stage in slip-and-fall cases when the plaintiff failed to identify them. <u>See, e.g.</u>, <u>Brown v. Wal-Mart Stores E., LP</u>, No. 1:16-CV-111-WSD, 2017 WL 386647, at *6–7 & n.2 (N.D. Ga. Jan. 27, 2017). This Court follows suit and will *sua sponte* dismiss Defendants John Doe, Jane Doe, and ABC Corp.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. No. [32]) is **DENIED**. The Clerk is **DIRECTED** to terminate the motion at Doc. Nos. [29] as duplicative.

Pursuant to Federal Rule of Civil Procedure 21, Defendants John Doe, Jane Doe, and ABC Corp. are *sua sponte* **DISMISSED WITHOUT PREJUDICE** and the Clerk is **DIRECTED** to terminate Defendants John Doe, Jane Doe, and ABC Corp. as parties to this case.

The Court deems this case appropriate for mediation and **ORDERS** the Parties to participate in a mediation of this case before an assigned United States Magistrate Judge for the Northern District of Georgia. To this regard, the Court **REFERS** this case to Chief Magistrate Judge Russell G. Vineyard for

assignment to the next available Magistrate Judge. Mediation will be scheduled at the discretion and convenience of the Magistrate Judge assigned. The Parties are **ORDERED** to file notice within **FIVE (5) DAYS** of the conclusion of mediation advising this Court of the outcome. The Parties are further **ORDERED** that, if mediation is unsuccessful, they must file their consolidated proposed pretrial order with this Court within **THIRTY (30) DAYS** of the conclusion of mediation.

**IT IS SO ORDERED** this 17th day of December, 2024.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**